IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VALERIE TISH, individually and on behalf of a group of similarly situated individuals,** )<br>)<br>)<br>) | **2:06-cv-820** |
| Plaintiff, ) | |
| v. ) | |
| **MAGEE-WOMEN'S HOSPITAL OF THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER,** )<br>)<br>)<br>) | |
| Defendant. ) | |

## ORDER OF COURT

Before the Court for consideration and disposition is DEFENDANT, MAGEE-WOMEN'S HOSPITAL OF THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER'S MOTION TO DISMISS (*Document No. 4*) and PLAINTIFF'S MOTION FOR JOINDER *(Document No. 8),* which Plaintiff included as part of her response to the motion to dismiss.

1.  Procedural History

A related case, *Bolden v. Magee-Women's Hospital of the University of Pittsburgh Medical Center*, Civil Action No. 05-1063, (the "Bolden Action") was originally filed on August 1, 2005. On June 13, 2006, the Court issued an Order denying Plaintiff's Motion to Amend the Bolden Action to add class action allegations and to add Valentina Tish as a Plaintiff. One week later, on June 21, 2006, Plaintiff filed the Complaint in this case (the "Tish Action"). On October 5, 2006, the Court issued an Order again denying leave to amend the Bolden Action.

The Complaint in the Tish Action states that it is a Class Action. Plaintiff seeks relief under both the Americans With Disabilities Act ("ADA") and Rehabilitation Act based on allegations that Defendant ("Magee") has a policy of failing to engage in an interactive process to assign employees returning from disability leave to open positions. Paragraph 2 of the Complaint forthrightly concedes that Tish did not file with the EEOC or otherwise exhaust her administrative remedies under the ADA and is therefore bringing her claims solely under the

Rehabilitation Act. The instant motion to dismiss addresses only Tish's ADA claim.

    2.    <u>Discussion</u>

The motion to dismiss is straight-forward. It is undisputed, and indeed, affirmatively pleaded in the Complaint, that the ADA requires a Plaintiff to exhaust administrative remedies, *see* 42 U.S.C. § 2000e-5(e), and that Valentina Tish has not done so. Accordingly, Valentina Tish, as she recognized in the Complaint, may proceed only under the Rehabilitation Act. The motion to dismiss Tish's claims under the ADA will be **GRANTED**.

The motion for joinder is slightly more complex. Plaintiff does not challenge the validity of the motion to dismiss her own ADA claims. Instead, Tish seeks joinder of the Tish Action and Bolden Action pursuant to Fed. R. Civ. P. 20. Plaintiff relies on the "single filing rule" for the proposition that a plaintiff who has not filed a timely administrative charge may join a class action. It is undisputed that Carole Bolden properly exhausted the administrative prerequisites to her ADA claim. Tish contends that she can "piggyback" on Bolden's EEOC filing.

Tish's contention is fatally flawed because Bolden exhausted administrative remedies only for her individual claim. The Court explained in its Order dated October 5, 2006 that Bolden had not exhausted the ADA administrative prerequisites for a class action, citing *Communication Workers of America v. New Jersey Dep't of Personnel*, 282 F.3d 213, 217 (3d Cir. 2002). The Court noted the existence of the Tish Action and addressed the inapplicability of the "single filing rule." The Court explained that a potential plaintiff who has not filed a charge with the EEOC can join a class action only if the original EEOC charge put the employer on notice that class-based allegations of discrimination were being raised, citing *Communication Workers of America*. The Court concluded that because Bolden's EEOC charge cannot serve as the predicate for other potential class members to avoid the exhaustion requirement, amendment of the Bolden Action to assert class allegations under the ADA would be futile. For the same reasons, the class action allegations under the ADA in the Tish Action must also fail. Neither Tish nor Bolden exhausted the administrative prerequisites to an ADA class action claim. Accordingly, the motion for joinder will be **DENIED**.

The motion to dismiss does not challenge the adequacy of the allegations in the Tish Action regarding a class action based on violations of the Rehabilitation Act.  Accordingly, the Court orders Defendant to file an Answer to the Rehabilitation Act averments within ten (10) days of this Order.

NOW THEREFORE, this 17th day of October, 2006, it is hereby ORDERED, ADJUDGED and DECREED that  DEFENDANT, MAGEE-WOMEN'S HOSPITAL OF THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER'S MOTION TO DISMISS (*Document No. 4*) is **GRANTED** and PLAINTIFF'S MOTION FOR JOINDER *(Document No. 8)* is **DENIED**.  It is further ORDERED that Defendant shall file an Answer to Plaintiff's claims under the Rehabilitation Act on or before **October 27, 2006**.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Gregory G. Paul, Esquire
       Email: gpaul@peircelaw.com

       Pamela G. Cochenour, Esquire
       Email: pgc@pbandg.com