IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENTINA TISH, GARY CHEDWICK, BARBARA FOWLER, GLORIA HAMLETT, TERRI WALSH, individually, and on behalf of a group of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MAGEE-WOMEN'S HOSPITAL OF THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER, UPMC ST. MARGARET, UPMC SHADYSIDE, UPMC MONTEFIORE, UPMC d/b/a UNIVERSITY OF PITTSBURGH MEDICAL CENTER,<br><br>Defendants. | 2:06-cv-820 |

### MEMORANDUM OPINION AND ORDER

Before the Court for disposition is Defendants' MOTION TO STRIKE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO SEVER PARTIES AND CLAIMS (*Document No. 13*), with brief in support (*Document No. 14*), Plaintiffs' brief in opposition (*Document No. 18*), and Defendants' reply brief (*Document No. 19*).  After considering the filings of the parties and the relevant law, the Court will deny Defendants' Motion to Strike, grant leave for Plaintiffs' to file the Amended Complaint, and grant Defendants' Alternative Motion to Sever.

Procedural History

A related case, *Bolden v. Magee-Women's Hospital of the University of Pittsburgh Medical Center*, Civil Action No. 05-1063 (the "Bolden Action"), was originally commenced on August 1, 2005.  The Bolden Action was brought pursuant to the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 *et seq.*] ("ADA").  On May 30, 2006, the plaintiff in the Bolden Action, Carole Bolden ("Bolden"), filed a Motion for Leave to File Amended Complaint, seeking to add Valentina Tish ("Tish"), the plaintiff in the instant case ("Tish Action"), as a plaintiff in

the Bolden Action. In an order dated June 13, 2006, this Court denied the Motion for Leave to File Amended Complaint on the grounds that the requirements for the certification of a class action under Federal Rule of Civil Procedure 23 ("Rule 23") were not met and that the claims of other potential plaintiffs should be filed as individual cases. One week later, on June 21, 2006, Tish commenced this action against Magee-Women's Hospital of the University of Pittsburgh Medical Center ("Magee"). Doc. No. 1. She brought this action pursuant to the Rehabilitation Act of 1973 [29 U.S.C. § 701 *et seq.*] ("Rehabilitation Act"). *Id.* Tish also asserted class allegations under both the ADA and the Rehabilitation Act. *Id.* at 4-8.

On August 11, 2006, a status conference was held in the Bolden Action. At that conference, the Court permitted Bolden to renew her request to amend the complaint for the purpose of adding class action allegations. The Court denied Bolden's request to amend the complaint on October 5, 2006. Although Bolden had exhausted her administrative remedies before the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. §§ 2000e-5 and 12117(a), the Court concluded that she had not exhausted the administrative prerequisites for a class action. Tish did not exhaust administrative remedies before the EEOC. The Court reasoned that, under *Communication Workers of America v. New Jersey Dep't of Personnel*, 282 F.3d 213, 217 (3d Cir. 2002), a plaintiff who had not filed a charge with the EEOC could join a class action only if the original EEOC charge (i.e., the charge filed by Bolden) had alleged class-based discrimination. This requirement was not met. Moreover, the Court again determined that the proposed amended complaint was unlikely to satisfy the requirements of Rule 23.

Magee filed a Motion to Dismiss in the Tish Action on July 26, 2006, relying on Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Doc. No. 3. On August 15, 2006, Tish filed a Motion for Joinder, seeking joinder of the Bolden Action and the Tish Action pursuant to Federal Rule of Civil Procedure 20 ("Rule 20"). Doc. No. 8. In an order dated October 17, 2006, the Court disposed of both motions. Doc. No. 10. Magee's Motion to Dismiss was granted because Tish had not exhausted administrative remedies before the EEOC and, consequently, could not proceed before this Court under the ADA. *Id.* at 2. For this reason, the Tish Action was allowed to proceed only under the Rehabilitation Act, which contains no administrative

exhaustion prerequisite. *Id.* The Court denied Tish's Motion for Joinder, concluding again that Bolden's EEOC charge could not serve as the predicate for other potential class members to avoid the ADA exhaustion requirements under 42 U.S.C. §§ 2000e-5 and 12117(a). *Id.* Noting that Magee's Motion to Dismiss did not challenge the adequacy of the allegations in the Tish Action regarding a class action for violations of the Rehabilitation Act, the Court ordered Magee to file an answer to the Rehabilitation Act averments within ten days. *Id.* at 3.

Eight days later, on October 25, 2006, Tish filed an Amended Complaint in Class Action, adding Gary Chedwick ("Chedwick"), Barbara Fowler ("Fowler"), Gloria Hamlett ("Hamlett"), and Terri Walsh ("Walsh") as plaintiffs and UPMC St. Margaret, UPMC Shadyside, UPMC Montefiore, and UPMC d/b/a University of Pittsburgh Medical Center ("UPMC") as defendants. Doc. No. 11. The Amended Complaint was filed without leave of court. In addition to claims brought under the Rehabilitation Act, the Amended Complaint alleged violations of the ADA, averring that Hamlett and Walsh had exhausted administrative remedies before the EEOC and received right to sue letters dated October 20, 2006, and October 17, 2006, respectively. Doc. No. 11 at ¶ 4.

Defendants filed a Motion to Strike/Motion to Sever on November 8, 2006, contending that the Court's granting of the Motion to Dismiss had extinguished Tish's right to amend without leave of court under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"). Doc. No. 13 at ¶ 11. An alternative ground asserted by Defendants in support of their Motion to Strike was that joinder of the parties was improper under Federal Rule of Civil Procedure 20 ("Rule 20"). *Id.* at ¶ 23. In the alternative, Defendants filed a Motion to Sever under Federal Rule of Civil Procedure 21 ("Rule 21"), arguing that they would be prejudiced if all of the claims asserted in the Amended Complaint were to be tried in a single action. *Id.* at ¶ 27. This Motion to Strike/Motion to Sever is currently pending before the Court and is, therefore, the subject of this Memorandum Opinion. Jurisdiction is predicated on 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3).

Discussion

The dispute surrounding the instant matter concerns the construction of Rule 15(a), which provides:

> **Rule 15.  Amended and Supplemental Pleadings**
> (a) Amendments.  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a).  Plaintiffs argue that the filing of their Amended Complaint without leave to amend was permitted under Rule 15(a), while Defendants argue that Plaintiffs' right to amend without leave terminated when the Court granted Magee's Motion to Dismiss.  Doc. No. 18 at 3-6; Doc. No. 14 at 2.

At the outset, the Court notes that neither the United States Supreme Court nor the United States Court of Appeals for the Third Circuit has ruled on this issue.  Moreover, the positions taken by both parties in this case find support in decisions from other circuits.  For this reason, an analysis as to how this legal issue should be resolved is needed.  It is clear that a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a).  *Centifanti v. Nix*, 865 F.2d 1422, 1431, n. 9 (3d Cir. 1989).  Therefore, it cannot be said that Rule 15(a) unambiguously required Tish to seek leave to amend before filing the Amended Complaint.  This reality, however, does not end the inquiry.  The Court must determine whether the order granting Magee's Motion to Dismiss extinguished Tish's right to amend once without leave to amend.

Courts which have been presented with this question have generally taken one of three approaches.  *United States v. Union Corp.*, 194 F.R.D. 223, 229-234 (E.D.Pa. 2000).  Under the first approach, "the right to amend once as a matter of course never terminates, even if the original pleading is dismissed by the district court, until a responsive pleading is filed."  *Id.* at 229.  This approach has been followed in some decisions of the United States Court of Appeals

for the Ninth Circuit. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir. 1983). These decisions adhere to the language of Rule 15(a) in a literal sense. *Union Corp.*, 194 F.R.D. at 229 ("This approach is based on a rigid, literal reading of the language of Rule 15(a) that the right to amend continues until a responsive pleading is filed, regardless of what might happen prior to the filing of that responsive pleading; because the rule is silent as to the effect of an intervening dismissal of that pleading, such action has no effect on the right to amend.").

Under the second approach, the right to amend as a matter of course terminates when a district court dismisses claims or counterclaims in a pleading pursuant to a Rule 12(b)(6) motion. *Id.* at 229-230. This approach, which is advocated by Defendants, has been adopted by a majority of the courts of appeals that have addressed the issue. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994); *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 388 (1st Cir. 1994); *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992); *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985); *Czeremcha v. International Ass'n of Machinists and Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984); *Elfenbein v. Gulf & Western Indus., Inc.*, 590 F.2d 445, 448, n. 1 (2d Cir. 1978). The Court also notes that the Supreme Court of Alaska has adopted this approach for the purpose of analyzing this issue under an Alaska procedural rule that is not materially different from Rule 15(a). *Ruckle v. Anchorage School District*, 85 P.3d 1030, 1038-1039 (Alaska 2004).

Plaintiffs advocate the third approach, under which the right to amend as a matter of course terminates when a final judgment is entered dismissing the *case* but survives an order dismissing the original *complaint*. *Union Corp.*, 194 F.R.D. at 230-231. This approach has been adopted by the United States Court of Appeals for the Seventh Circuit. *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995). If the Court were to adopt this approach, the Amended Complaint filed by Plaintiffs would be treated as permissible under Rule 15(a).

Within this circuit, support can be found for both the second and third approaches. In *United States v. Union Corp.*, 194 F.R.D. 223, 232-235 (E.D.Pa. 2000), the United States District Court for the Eastern District of Pennsylvania followed the second approach, which is the approach adopted by a majority of the courts of appeals and the Supreme Court of Alaska. Some

decisions predating *Union Corp.*, however, lend support to Plaintiffs' argument in favor of the third approach, which is the rule of the Seventh Circuit. *Waterloov Gutter Protection Sys. Co., Inc. v. Absolute Gutter Protection*, 64 F.Supp.2d 398, 407-408 (D.N.J. 1999)("Courts have held generally that a party may amend its pleading without seeking leave of court after the pleading has been dismissed, as long as the amendment is made within a reasonable time and no responsive pleading has been served."); *Fearon v. Community Federal Savings and Loan of Philadelphia*, 119 F.R.D. 13, 15 (E.D.Pa. 1988)(stating that the plaintiffs had no right to file an amended complaint without leave of court because "both the complaint and the action" had been dismissed earlier).  Having considered the arguments made by the parties and the conflicting authority on this issue, the Court agrees with Defendants that the second (or majority) approach is the one most likely to be adopted by the United States Court of Appeals for the Third Circuit.

When the United States District Court for the Eastern District of Pennsylvania applied the majority approach in *Union Corp.*, it provided three reasons in support of its conclusion that this approach was consistent with Third Circuit precedent.  First, the Court of Appeals sometimes "shifts between speaking of dismissals and judgments of dismissal, even within one paragraph of one opinion." *Union Corp.*, 194 F.R.D. at 231, comparing *Smith v. National Collegiate Athletic Association*, 139 F.3d 180, 189 (3d Cir. 1998)("After the district court enters judgment on a motion to dismiss, a plaintiff no longer may amend her complaint as of right."), rev'd on other grounds, 525 U.S. 459 (1999), and *Smith*, 139 F.3d at 189 ("Even though Smith no longer was entitled to amend her complaint as of right after the dismissal of her claim, it was within the district court's discretion to grant her leave to amend.")(citations omitted).  The sharp distinction between the dismissal of a *complaint* and the dismissal of an *action* advocated by Plaintiffs is not consistent with the interchangeable use of such terminology by the Court of Appeals.  Second, the dismissal of a claim with prejudice is a final and appealable order in this circuit, thereby conferring jurisdiction on the Court of Appeals under 28 U.S.C. § 1291. *Union Corp.*, 194 F.R.D. at 231; *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1064 (3d Cir. 1987); *Borelli v. City of Reading*, 532 F.2d 950, 951-952 (3d Cir. 1976)(explaining that an order dismissing a complaint without prejudice is neither final nor appealable, unless the plaintiff cannot amend or declares her intention to stand on the complaint).  Consequently, an order granting a motion to

dismiss should have some effect in every case. *Union Corp.*, 194 F.R.D. at 231-232. Finally, the Court of Appeals affirmatively suggests that district courts, in granting motions to dismiss, expressly grant plaintiffs leave to amend their claims or complaints in the orders of dismissal. *Id.* at 232; *District Council 47, Am. Fed'n of State, County and Municipal Employees v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986). As the District Court pointed out in *Union Corp.*, "[t]his indicates that a district court retains the power and discretion, when granting the motion and dismissing the claim, to control whether or not the party may amend the pleading or replead a claim." *Union Corp.*, 194 F.R.D. at 232.

This Court agrees with the assessment in *Union Corp.* that the majority approach strikes the proper balance between Rule 15(a) and Rule 12(b)(6), "giving substantial effect and meaning to a district court's determination that a pleading failed to state a claim" while "permitting a party to amend as a matter of course at any time prior to that decision." *Id.* As the Supreme Court of Alaska noted in *Ruckle*, this rule allows "an opposing party to rely on the finality of a dismissal, while providing an opportunity to respond to a request to amend should the circumstances so require." *Ruckle*, 85 P.3d at 1038. Accordingly, Tish was not free to amend after the dismissal of her ADA claims without having sought Court leave to do so.

The unauthorized nature of the Amended Complaint, however, does not necessarily mean that it should be stricken. This Court may, as Plaintiffs suggest, treat the Amended Complaint as a request for leave to amend and grant such leave at this time. Doc. No. 18 at 7-8; *Union Corp.*, 194 F.R.D. at 239-240. Rule 15(a) provides that "leave shall be freely given when justice so requires." As the Supreme Court explained in *Foman v. Davis*, 371 U.S. 178, 182 (1962), "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Justifiable reasons for denying leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005).

Given that the Amended Complaint was filed eight days after the Court granted Magee's Motion to Dismiss, Plaintiffs did not engage in undue delay. Doc. Nos. 10 & 11. Since the

position taken by Plaintiffs with respect to the Rule 15(a) issue is supported by Seventh Circuit case law and two decisions of district courts within this circuit, it cannot be said that the Amended Complaint was filed in bad faith.  The Court does not view Plaintiffs' desire to amend as a tactic to delay the Tish Action, but rather as an expression of their preference to pursue the matter as a class action.  No previous amendments have been allowed in this case.  Moreover, on prior occasions, the Court has denied requests to convert these cases into a class action on the ground of futility (i.e., since neither Bolden nor Tish filed an EEOC charge which put Magee on notice that class-based allegations of discrimination were being raised, any attempts to convert these cases into a class action would be futile).  Doc. No. 10 at 2.  Although the Amended Complaint avers that both Hamlett and Walsh have exhausted administrative remedies before the EEOC, it is unclear whether their EEOC charges were sufficient to put Defendants on notice of class-based allegations.  Doc. No. 11 at ¶ 4.  Hence, at this point, the Court cannot conclude that it would be futile permit the filing of the Amended Complaint.

       Defendants contend that they would be prejudiced if the Amended Complaint were permitted to stand, since the allegations made by Plaintiffs involve fact-specific complaints against distinct business units within UPMC.  Doc. No. 19 at 4.  The Court is not indifferent to this concern.  These claims arise under the ADA and the Rehabilitation Act, which require fact-specific, individualized determinations.  Speaking about the ADA, the United States Court of Appeals for the Third Circuit recently explained:

> We are mindful of the extraordinarily fact-intensive nature of the inquiry; even if two different plaintiffs alleging substantial limitations suffer from the same impairment, the nuances of its effect on their daily lives will invariably manifest themselves in distinct ways.  Case law in this area is therefore useful primarily in setting helpful benchmarks by which a court can gauge the severity of a plaintiff's impairments.

*Emory v. Astrazeneca Pharmaceuticals, LP*, 401 F.3d 174, 182 (3d Cir. 2005).  Furthermore, as this Court noted in its order denying Bolden's Motion for Leave to File Amended Complaint, the interactive process required under the ADA and the Rehabilitation Act is an informal, individualized, fact-specific process.  *Calero-Cerezo v. United States*, 355 F.3d 6, 23 (1st Cir. 2004)("A careful, individualized review of an accommodation request in light of the specific

facts of the case is needed to determine whether the request was reasonable."). For these reasons, the Court is mindful of Defendants' interest in avoiding the prejudice that would result if all of these allegations were dealt with in a single trial.

While the prejudice identified by Defendants could be viewed as a factor counseling against leave to amend at this time, any such prejudice would be obviated if the Court were to grant Defendants' Alternative Motion to Sever. Doc. No. 13 at ¶¶ 26-28. Plaintiffs rely on Rule 20, which provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the same action." Fed. R. Civ. P. 20(a). Defendants contend that the Court should strike the Amended Complaint on the ground that joinder is improper under Rule 20. Doc. No. 14 at 3-5. Although it may fairly be said that the different claims asserted by Plaintiffs arise out of the same "series of transactions of occurrences," the individualized nature of the underlying substantive inquiries precludes a determination that "any question of law or fact common to all these persons will arise in the same action."[1] Fed. R. Civ. P. 20(a).

Misjoinder does not necessarily require that the Amended Complaint be stricken, however, because Rule 21 specifically provides a remedy for misjoinder:

> **Rule 21. Misjoinder and Non-Joinder of Parties**
> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. Defendants rely on *Philips Electronics North America Corporation v. Contec*

---

[1] In the Bolden Action, Jane Tibbott testified that while each business unit was supposed to adopt UPMC's corporate policies, each business unit was able to decide for itself *when* it would adopt such policies. Doc. No. 13-2 at 2-3. Since discovery has not yet commenced with respect to the plaintiffs that Tish is seeking to add at this time, the Court has no way of knowing whether each of the defendants (i.e., the individual UPMC business units) had adopted UPMC's corporate policies by the relevant periods of time. It may be that each business unit was still operating under its own unique policy during the periods of alleged discrimination, and that these claims cannot be viewed through the same prism of UPMC's corporate policy.

*Corporation*, 220 F.R.D. 415 (D.Del. 2004), in support of their Motion to Strike for Improper Joinder.  Doc. No. 14 at 3.  Nevertheless, in that case, the District Court granted a motion to sever pursuant to Rule 21.  *Philips Electronics*, 220 F.R.D. at 416-418.  This Court will do likewise, since such a disposition will allow each plaintiff to proceed separately with his or her claims against each defendant, unencumbered by the presence of factually distinct allegations, "on such terms as are just."  Fed. R. Civ. P. 21.

<u>Conclusion</u>

For the foregoing reasons, the Court will deny Defendants' Motion to Strike, grant Plaintiffs leave to file the Amended Complaint at this time, and grant Defendants' Alternative Motion to Sever.  The causes of action of Gary Chedwick, Barbara Fowler, Gloria Hamlett and Terri Walsh against UPMC St. Margaret, UPMC Shadyside, UPMC Montefiore and UPMC d/b/a University of Pittsburgh Medical Center respectively will be severed from the cause of action of Valentina Tish and from one another and may be refiled as separate individual causes of action.  An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENTINA TISH, GARY CHEDWICK, BARBARA FOWLER, GLORIA HAMLETT, TERRI WALSH, individually, and on behalf of a group of similarly situated individuals, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:06-cv-820 ) |
| MAGEE-WOMEN'S HOSPITAL OF THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER, UPMC ST. MARGARET, UPMC SHADYSIDE, UPMC MONTEFIORE, UPMC d/b/a UNIVERSITY OF PITTSBURGH MEDICAL CENTER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER OF COURT**

AND NOW, this 24th day of April, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendants' Motion to Strike the Amended Complaint (*Document No. 13*) is **DENIED**, Plaintiffs are granted leave to file the Amended Complaint (*Document No. 11*), and Defendants' Alternative Motion to Sever (*Document No. 13*) is **GRANTED**. The causes of action of Gary Chedwick, Barbara Fowler, Gloria Hamlett and Terri Walsh against UPMC St. Margaret, UPMC Shadyside, UPMC Montefiore and UPMC d/b/a University of Pittsburgh Medical Center respectively will be severed from the cause of action of Valentina Tish and from one another and may be refiled as separate individual causes of action.

The caption of this action is hereby amended to read as follows:

| | | |
|---|---|---|
| **VALENTINA TISH,** | ) | |
| | ) | **2:06-cv-820** |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **MAGEE-WOMEN'S HOSPITAL OF** | ) | |
| **THE UNIVERSITY OF PITTSBURGH** | ) | |
| **MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Defendant, Magee-Women's Hospital of the University of Pittsburgh Medical Center, shall file its answer to the claim(s) of Plaintiff, Valentina Tish, in the Amended Complaint on or before **May 8, 2007**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc:   Gregory G. Paul, Esquire
      Email: gpaul@peircelaw.com

      Pamela G. Cochenour, Esquire
      Email: pgc@pbandg.com
      William Pietragallo, II, Esquire
      Email: wp@pbandg.com